IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JAVIER NUNEZ-GONZALEZ, | : | MOTION TO VACATE |
| BOP No. 60817-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:10-CR-19-RLV-WEJ-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 4:12-CV-145-RLV-WEJ |

**FINAL REPORT AND RECOMMENDATION**

Movant, Javier Nunez-Gonzalez, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [148] ("Motion to Vacate").[1]  Respondent has filed a Response in opposition. [156]  For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED** and that a certificate of appealability be **DENIED**.

## I. PROCEDURAL HISTORY

Mr. Nunez-Gonzalez was one of five defendants indicted in the Northern District of Georgia on May 20, 2010 on multiple counts of drug offenses. (Indictment [1].)  Mr. Nunez-Gonzalez was charged with the following offenses: (1) conspiracy to possess

---

[1] The Court appointed Attorney Scott Forster to represent Mr. Nunez-Gonzalez, but Attorney Forster did not file any papers in this case.  (See Order of Sept. 10, 2012 [159].)

with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii), 841(b)(1)(C), & 846 (count one); (2) possession with intent to distribute cocaine and methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (counts seven through eleven); and (3) possession with intent to distribute 500 grams or more of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(viii) (count twelve). (Id. at 1-2, 4-6.)

On March 2, 2011, Mr. Nunez-Gonzalez pleaded guilty to count twelve pursuant to a plea agreement in which the government dismissed the remaining counts. [105, 106] At sentencing on June 2, 2011, the Court determined that Mr. Nunez-Gonzalez's Guidelines range was 87 to 108 months imprisonment. (Tr. [142] 4.) However, the Court sentenced Mr. Nunez-Gonzalez to the statutory minimum term of imprisonment of 120 months, followed by five years of supervised release. [128, 130] Mr. Nunez-Gonzalez filed a notice of appeal on June 14, 2011. [131] The appeal was dismissed on January 18, 2012 on the ground that Mr. Nunez-Gonzalez's plea agreement contained a valid appeal waiver. [145]

Mr. Nunez-Gonzalez delivered his Motion to Vacate to prison authorities for mailing on June 11, 2012. (Mot. Vacate 13.) Respondent does not dispute that the Motion to Vacate was filed within the one-year period of limitation provided by 28

2

U.S.C. § 2255(f). Mr. Nunez-Gonzalez raises four grounds of ineffective assistance of counsel, but those grounds fall into the two categories of counsel's failure to (1) argue for a sentence below the statutory minimum and (2) explain the appeal waiver in the plea agreement.[2]

## II.   STANDARD OF REVIEW

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal

---

[2] The appeal waiver appears to bar Mr. Nunez-Gonzalez's first category of ineffective assistance grounds, but respondent does not rely on the waiver in opposing those grounds. The waiver does not bar Mr. Nunez-Gonzalez's second category, which implicates the validity of his guilty plea. See Williams v. United States, 396 F.3d 1340, 1342 n.2 (2005).

3

quotation marks omitted). However, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. United States, 538 U.S. 500, 509 (2003).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." Tarver v. United States, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)). The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The undersigned **REPORTS** that an evidentiary hearing is not needed because the Motion to Vacate and record in this case conclusively show that Mr. Nunez-Gonzalez is not entitled to relief.

### III.   DISCUSSION

In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the

4

defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." Id. at 697.

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." Searcy v. Fla. Dep't of Corr., 485 F. App'x 992, 997 (11th Cir. 2012) (per curiam) (quoting Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam)) (internal quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of Strickland by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

5

### A.     Statutory Minimum Sentence

In grounds one, three, and four, Mr. Nunez-Gonzalez claims that counsel should have argued, both at sentencing and on appeal, for a sentence below the statutory minimum. Mr. Nunez-Gonzalez contends that the "safety valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 should have been applied in his case. (Mot. Vacate 4-5, 7-10.) Those provisions permit the imposition of a sentence lower than the statutory minimum when five factors are satisfied. If the "safety valve" provisions had been applied to Mr. Nunez-Gonzalez, he might have received a sentence within his Guideline range of 87 to 108 months imprisonment rather than the 120-month statutory minimum.

The only "safety valve" factor at issue in this case is the fifth, which requires a defendant to show that "not later than the time of the sentencing hearing, [he] has truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). "This final factor is a tell-all provision: to meet its requirements, the defendant has an affirmative responsibility to truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." United States v. Johnson, 375 F.3d

6

1300, 1302 (11th Cir. 2004) (per curiam) (internal quotation marks omitted). "A defendant has the burden of proving his eligibility for relief under § 5C1.2." United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997).

Although Mr. Nunez-Gonzalez states that he satisfied the fifth factor, he acknowledges that the government did not agree. (Mot. Vacate 7.) Respondent points out that the probation officer also determined that Mr. Nunez-Gonzalez failed to provide truthful information concerning his offenses. (Resp't's Resp. 8-9.) Mr. Nunez-Gonzalez has not presented any evidence supporting his contention that he was eligible for a lower sentence under the "safety valve" provisions. It follows that Mr. Nunez-Gonzalez has not shown that his counsel was deficient for failing to argue for the applicability of those provisions at sentencing and on appeal. "A lawyer cannot be deficient for failing to raise a meritless claim." Frederick v. Dep't of Corr., 438 F. App'x 801, 803 (11th Cir. 2011) (per curiam). Accordingly, grounds one, three, and four fail.

### B.     Appeal Waiver

In ground two, Mr. Nunez-Gonzalez claims that counsel failed to explain the appeal waiver in the plea agreement. Mr. Nunez-Gonzalez states that he would not have pleaded guilty unless the agreement lacked an appeal waiver. (Mot. Vacate 5-7.)

7

However, as respondent explains, the Court referred to the appeal waiver during the plea colloquy, and Mr. Nunez-Gonzalez indicated that he understood he was giving up his right to appeal as specified in the plea agreement. (Resp't's Resp. 9-11; Tr. [141] 11.)

Because the Court must presume that Mr. Nunez-Gonzalez's statements under oath during the plea colloquy were true, he bears "a heavy burden" to show that those statements were actually false. United States v. Garcia, 322 F. App'x 918, 919 (11th Cir. 2009) (per curiam). Mr. Nunez-Gonzalez has not produced any evidence to meet his heavy burden. Therefore, his claim of ineffective assistance of counsel (ground two) fails. See Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam) (concluding that movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section

2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (citing Slack, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a certificate of appealability, Mr. Nunez-Gonzalez is advised that he "may not appeal the denial but may seek a certificate from the court of

9

AO 72A
(Rev.8/82)

appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## V.  CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion to Vacate [148] be **DENIED** and that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 3rd day of October, 2013.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE